**SO ORDERED: May 24, 2023.**



**James M. Carr**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

IN RE:                                        )
                                              )
BRIAN ALLEN TURNER,                           )   Case No. 22-00069-JMC-7A
                                              )
      Debtor.                               )
_____       )
                                              )
STATE OF INDIANA on the relation of the       )
INDIANA DEPARTMENT OF                         )
WORKFORCE DEVELOPMENT,                        )
                                              )
      Plaintiff,                            )
                                              )
    v.                                    )   Adversary Proceeding No. 22-50023
                                              )
BRIAN ALLEN TURNER,                           )
                                              )
      Defendant.                            )

## <u>ENTRY GRANTING SUMMARY JUDGMENT</u>

THIS ADVERSARY PROCEEDING comes before the Court on the *Motion for*

*Summary Judgment* filed by the State of Indiana on the relation of the Indiana Department of

Workforce Development ("DWD") on January 25, 2023 (Docket No. 29) (the "Motion").  The

Court, having reviewed the Motion, the *Memorandum in Support of Plaintiff's Motion for*

*Summary Judgment* filed by DWD on January 25, 2023 (Docket No. 30) (the "Brief"), which includes *Plaintiff's Designation of Materials in Support of its Motion for Summary Judgment* (Docket No. 30-1) (the "Designated Evidence"), the *Complaint to Determine Dischargeability of Debt* filed by DWD on March 18, 2022 (Docket No. 1), *Defendant's Answer to Plaintiff's Complaint to Determine Dischargeability of Debt* filed by Brian Allen Turner ("Debtor") on April 6, 2022 (Docket No. 6), the *Motion to Compel Discovery from Brian Allen Turner* filed by DWD on October 31, 2022 (Docket Nos. 17 and 18) (the "Discovery Motion"), the *Order Compelling Discovery from Brian Allen Turner* entered by this Court on November 23, 2022 (Docket No. 24) (the "Discovery Order") and the *Order Sanctioning Brian Allen Turner for Failure to Comply with Court Order Compelling Discovery* entered by this Court on January 30, 2023 (Docket No. 32) (the "Sanction Order"), and being otherwise duly advised, now **GRANTS** the Motion.

## Summary Judgment Standard

DWD moves the Court to enter summary judgment in its favor and against Debtor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.

To obtain summary judgment, DWD must show that there is no genuine dispute as to any material fact and that DWD is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The burden rests on DWD, as the moving party, to demonstrate that there is an absence of evidence to support the case of Debtor, the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  After DWD demonstrates the absence of a genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment.  *Id*. at 324,

106 S.Ct. at 2553.  If Debtor does not come forward with evidence that would reasonably permit the Court to find in Debtor's favor on a material issue of fact (and if the law is with DWD), then the Court must enter summary judgment against Debtor.  *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986)).

*Procedural Background*

In the Brief, DWD asserts that the debt owed by Debtor to DWD for the principal amount of DWD's overpayment of unemployment benefits to Debtor (the "Overpayment"), pre-petition interest, statutory penalties (the "Penalties") and award of costs[1] (collectively, the "Debt") is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)[2] and that the Penalties are additionally excepted from discharge pursuant to § 523(a)(7).  By the Motion, DWD seeks summary judgment on the §§ 523(a)(2)(A) and (a)(7) claims.

*Exceptions to Discharge*

Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor."  *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985).  "The burden is on the objecting creditor to prove exceptions to discharge."  *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (citation omitted).  The burden of

---

[1]    The award of costs consists of $350 for DWD's costs in filing this adversary proceeding plus $750 awarded to DWD in the Discovery Order / ordered to be paid by Debtor to DWD in the Sanction Order for DWD's reasonable attorney's fees and costs incurred in bringing the Discovery Motion.

[2]    All statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

proof required is a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 291, 111

S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

Section 523 provides, in relevant part:

(a) A discharge under section 727 … of this title does not discharge an individual
debtor from any debt –
…
> (2) for money, property, services, or an extension, renewal, or refinancing
> of credit, to the extent obtained by –
>> (A) false pretenses, a false representation, or actual fraud, other
>> than a statement respecting the debtor's or an insider's financial
>> condition;
>> …
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to
> and for the benefit of a governmental unit, and is not compensation for
> actual pecuniary loss, other than a tax penalty … .

*Reasoning:  § 523(a)(2)(A)*

The Seventh Circuit Court of Appeals distinguishes material differences among the three

possible grounds for nondischargeability under § 523(a)(2)(A) and has formulated two different

tests, one for both "false pretenses" and "false representation" and another for "actual fraud."

*See Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 699-700 (Bankr. N.D. Ill. 2002) (citing

*McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000)).

To prevail on a nondischargeability claim under the "false pretenses" or "false

representation" theory, a creditor must prove all of the following elements: "(1) the debtor made

a false representation or omission, (2) that the debtor (a) knew was false or made with reckless

disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor

justifiably relied."  *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010) (citations omitted).

"What constitutes 'false pretenses' in the context of § 523(a)(2)(A) has been defined as

'implied misrepresentations or conduct intended to create and foster a false impression.' "

*Mem'l Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996) (quoting

*Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 959 (Bankr. N.D. Ill. 1995) (quotations omitted)). "False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor." *Id.* at 928 (citation omitted).

A "false representation" can be shown by the debtor's written statement, spoken statement or conduct. *Deady v. Hanson (In re Hanson),* 432 B.R. 758, 772 (Bankr. N.D. Ill. 2010) (citing *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001)). "A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression." *Id.* (citing *Trizna & Lepri v. Malcolm (In re Malcolm),* 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)). "An intentional falsehood relied on under § 523(a)(2)(A) must concern a material fact." *Scarpello*, 272 B.R. at 700 (citing *Jairath*, 259 B.R. at 314).

Justifiable reliance is an intermediate level of reliance which is less stringent than "reasonable reliance" but more stringent than "reliance in fact." *See Field v. Mans*, 516 U.S. 59, 72-73, 116 S.Ct. 437, 445, 133 L.Ed.2d 351 (1995). Justifiable reliance requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation" and imposes no duty on the creditor to investigate unless the falsity of the representation is readily apparent. *Id.* at 71, 116 S.Ct. at 444 (quotations omitted). Justifiable reliance is not measured from the objective person standard, but rather from the experiences and characteristics of the particular creditor. *Id.* (quotation omitted).

"Scienter, or intent to deceive, is … a required element under § 523(a)(2)(A) whether the claim is for a false representation, false pretenses, or actual fraud." *Gasunas v. Yotis (In re Yotis)*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016) (citation omitted).

A debtor's intent to deceive for purposes of the false pretenses and false representation prongs on § 523(a)(2)(A) "is measured by a debtor's subjective intention at the time the representation was made." *Scarpello*, 272 B.R. at 700 (citing *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998)). "Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances." *Hanson*, 432 B.R. at 773 (internal citations omitted).

"[A]ctual fraud is broader than misrepresentation," *McClellan*, 217 F.3d at 893, in that neither a debtor's misrepresentation nor a creditor's reliance is necessary to prove nondischargeability for "actual fraud." *Scarpello*, 272 B.R. at 700 (citing *McClellan*, 217 F.3d at 894). "Actual fraud" is defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another" which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan*, 217 F.3d at 893 (quotations omitted). *See also Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 359-60, 136 S.Ct. 1581, 1586, 194 L.Ed.2d 655 (2016) ("The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud … that can be effected without a false representation. … The word 'actual' has a simple meaning in the context of common-law fraud: It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.' … [A]nything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.' ") (internal citation omitted). In such cases, a creditor must prove "(1) a fraud occurred; (2) the debtor intended to defraud the creditor; and (3)

the fraud created the debt that is the subject of the discharge dispute." *Hanson*, 432 B.R. at 772 (citing *McClellan*, 217 F.3d at 894).

"[T]he focus of an 'actual fraud' claim is on the defendant's state of mind at the time of his purportedly fraudulent conduct." *Merritt v. Wiszniewski (In re Wiszniewski)*, 2010 WL 3488960 at *5 (Bankr. N.D. Ill. 2010) (citation omitted).

An exception to discharge under § 523(a)(2)(A) "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen v. De La Cruz*, 523 U.S. 213, 223, 118 S. Ct. 1212, 1219, 140 L.Ed.2d 341 (1998).

The Court concludes that DWD has demonstrated there is no genuine issue of material fact with respect to its claim that the Debt owed by Debtor to DWD is nondischargeable pursuant to § 523(a)(2)(A). DWD sets forth in its Designated Evidence the facts necessary to show that the Overpayment owed to DWD was obtained by false pretenses, a false representation or actual fraud, including that Debtor applied for and obtained unemployment benefits after falsely representing that he was not working or earning income when he was actually working and earning income from Arnold Moving Company Inc., ATC Associates LLC and USF Holland Inc., that Debtor knew the representations were false but nonetheless made such misrepresentations with the intent to deceive DWD and that DWD relied on those false representations in making unemployment benefits payments to Debtor.

Upon this showing, the burden shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. Debtor has not done so. Despite notice thereof (Docket No. 31), Debtor did not respond to the Motion and did not cite any evidence of a genuine issue of material fact with respect to those false

representations, his intent in making same or the circumstances from which his intent could be inferred, or DWD's justifiable reliance on the misrepresentations to preclude the entry of summary judgment in DWD's favor.[3]  Accordingly, the Overpayment owed by Debtor to DWD is nondischargeable pursuant to § 523(a)(2)(A), and pre-petition interest, the Penalties and award of costs which arise therefrom are also nondischargeable pursuant to § 523(a)(2)(A) and *Cohen*.

*Reasoning:  § 523(a)(7)*

For a debt to be nondischargeable under § 523(a)(7), "(1) the debt must be a fine, penalty, or forfeiture; (2) it must be 'payable to and for the benefit of a governmental unit'; and (3) it must not be compensation for a pecuniary loss." *Ind. ex rel. Ind. Dep't of Workforce Dev. v. Brown (In re Brown)*, No. 3:18-CV-427 JD, 2019 U.S. Dist. LEXIS 66722, at *7 (N.D. Ind. Apr. 17, 2019) (determining civil penalties imposed by DWD under Ind. Code § 22-4-13-1.1(b) qualify as "penalties" and are payable to and for the benefit of DWD for purpose of § 523(a)(7)) (citations omitted).  The Court notes that there is no intent element in determining whether a penalty is excepted from discharge pursuant to § 523(a)(7).  Further, for purposes of § 523(a)(7), the Court "should not go behind DWD's penalty assessments." *Indiana v. Beckley (In re Beckley)*, No. 17-50252, 2019 Bankr. LEXIS 3170, at *16 (Bankr. S.D. Ind. Sept. 30, 2019). "[T]he elements Congress established for non-dischargeability in § 523(a)(7) … focus only upon characteristics of the debt itself … .  They do not involve, ask the bankruptcy court to pass upon, or require the creditor to prove the underlying misconduct that led to the imposition of the penalty." *In re Loy*, 584 B.R. 302, 303-04 (Bankr. N.D. Ind. 2018).  *See also Brown*, 2019 U.S. Dist. LEXIS 66722, at *10 ("Determining whether a debt meets the elements of § 523(a)(7) does

---

[3]    In addition, pursuant to the Sanction Order, Debtor was prohibited from supporting or opposing DWD's designated claims or defenses or from introducing matters into evidence that are the subjects of DWD's Interrogatories and Requests for Production of Documents.

not require relitigating whether the debt should have been imposed in the first place."); *Kelly v. Robinson*, 479 U.S. 36, 47, 107 S.Ct. 353, 360, 93 L.Ed.2d 216 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States.") (in the context of whether restitution imposed in state criminal proceedings was dischargeable in a chapter 7 bankruptcy case).

The Court concludes that DWD has demonstrated there is no genuine issue of material fact that the Penalties are penalties payable to and for the benefit of DWD, a governmental unit, which are not compensation for actual pecuniary loss.

Upon this showing, the burden shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. Debtor has not done so. Accordingly, the Penalties owed by Debtor to DWD are nondischargeable pursuant to § 523(a)(7).

<u>Conclusion</u>

Based upon the record before the Court and for the reasons set forth above, the Court GRANTS the Motion. The Court will enter summary judgment in favor of DWD and against Debtor contemporaneously herewith.

IT IS SO ORDERED.

# # #